**UNITED STATES DISTRICT COURT OF NORTHERN DISTRICT OF CALIFORNIA**

FILED

JUL 20 2026

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

JOHN CESARIO, pro se, and
DAVID PREKA, pro Se

Plaintiffs

Vs.

VISTAGEN THERAPEUTICS, INC., SHAWN S. SINGH, JOHN S. SAXE, JERRY GIN, MARY ROTUNDO, ANN CUNNINGHAM, MAGGIE FITZPATRICK, JOANNE CURLEY, MARK MCPARTLAND, WITHUM SMITH & BROWN PC, JEFFERIES LLC.
ANDREW TSAI, RALPH SNODGRASS, MARK A. SMITH, LOUIS MONTI, MICHAEL LEIBOWITZ

Defendants.

Case No. 3:25-cv-01510-TLT

**Judge: Hon. Trina Thompson**

Place: Courtroom 9, 19th Floor

**Plaintiff's Amended Motion For Summary Judgment OR, In The Alternative, Partial Summary Judgment**

# PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

Plaintiffs John Cesario and David Preka respectfully move under Federal Rule of Civil Procedure 56 for summary judgment or, in the alternative, partial summary judgment against Vistagen Therapeutics, Inc.

As demonstrated in Plaintiffs' accompanying Memorandum of Points and Authorities, Separate Statement of Undisputed Material Facts, declarations, exhibits, and Request for Judicial Notice, no genuine dispute of material fact exists concerning Vistagen's materially false and misleading statements and omissions regarding the PH94B Phase 2 trial, the PALISADE Phase 3 program, the cancellation and reason given for terminating PALISADE-2 and the August 7, 2023 announcement proclaiming PALISADE-2 the "First Successful Phase 3 Trial in Social Anxiety Disorder in 15 Years."

As discussed in the Memorandum, Vistagen represented in its July 23, 2020 press release that its pivotal Phase 3 PH94B trial would be conducted in a manner "substantially similar" to the purported Phase 2 study. Plaintiffs contend that this representation was materially false because the Phase 3 trials differed significantly from the Phase 2 study in participant gender, demographics, study location, and dosage. The Phase 2 study enrolled only women, approximately fifty percent of whom were enrolled in Mexico, and evaluated a higher dose through two single-dose treatment arms than the dose used in the PALISADE Phase 3 trials. Plaintiffs further contend that Vistagen recklessly proceeded with a pivotal Phase 3 program without first conducting a reasonably comparable Phase 2 trial. According to the SAC, Vistagen knew that its lead investigator had authored a peer-reviewed publication stating, **"Because**

**initial work suggested stronger effects for PH94B in women, this trial enrolled only female patients,"** reflecting earlier findings that women exhibited approximately a 30% greater and more rapid response to PH94B. Despite this knowledge, Plaintiffs contend that Vistagen repeatedly represented that the Phase 3 program was "substantially similar" to the Phase 2 study while omitting these material differences.

The undisputed documentary evidence establishes that Vistagen repeatedly characterized the Phase 2 study as successful and represented that the PALISADE Phase 3 trials were substantially similar to that study while omitting material differences concerning participant gender, demographics, dosage, protocol, efficacy, and the ClinicalTrials.gov quality-control history. The evidence further establishes that Vistagen raised substantial capital through public offerings while those statements and omissions remained before the investing public.

Plaintiffs therefore request judgment on the claims arising under:

1. Section 10(b) of the Securities Exchange Act and Rule 10b-5(a), (b), and (c);
2. Section 20(a) of the Exchange Act, as applicable;
3. California Corporations Code §§ 25400 and 25401, together with the remedies provided by §§ 25500, 25501, and 25504;
4. California common-law fraud, fraudulent concealment, deceit, and constructive fraud; and
5. Gross negligence.

Alternatively, Plaintiffs request partial summary judgment establishing the falsity or misleading nature and materiality of the challenged statements and omissions, Defendants' knowledge of the underlying trial designs and results, the inapplicability of the PSLRA safe harbor, and any other element or issue for which no genuine dispute of material fact exists.

Plaintiffs further submit that newly discovered evidence supports their claims. Since this action was filed, five directors and the Company's former Chief Financial Officer have departed

Vistagen. While those departures alone do not establish liability, Plaintiffs contend they constitute additional circumstantial evidence that may be considered together with the other evidence in this case. Moreover, as discussed in the final section of Plaintiffs' Memorandum of Points and Authorities, Vistagen's most recent SEC filings and 2026 Corporate Presentation demonstrate that the Company continues to misrepresent and conceal material facts concerning the PH94B Phase 2 study and the PALISADE clinical program. Plaintiffs contend that this continuing course of conduct further supports summary judgment because it corroborates the alleged fraudulent scheme and demonstrates that the challenged misrepresentations and omissions were not isolated events.

This motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, Separate Statement of Undisputed Material Facts, declarations, exhibits, and the Request for Judicial Notice.

## RELIEF REQUESTED

Plaintiffs respectfully request that the Court:

1. Grant summary judgment or partial summary judgment in Plaintiffs' favor;
2. Determine the claims or elements for which no genuine dispute of material fact exists;
3. Set any remaining issues, including damages where necessary, for trial or further proceedings; and
4. Award Plaintiffs all other relief authorized by law.

Respectfully submitted July 17, 2026.

John Cesario Pro Se
15 Darrows Ridge
East Lyme, CT 06333
Phone 860-333-4300
johncesario9@gmail.com

David Preka Pro Se
298 Boston Post Road
East Lyme, CT 06333
Phone 860-365-9041
david@advimpllc.com

**CERTIFICATE OF SERVICE**

Plaintiffs certify that on July 17, 2026, a true and correct copy of the foregoing papers was mailed by US Priority Mail to the following defendant's attorney, Jordan Eth at Morrison & Foerster LLP, 425 Market Street, San Francisco, California 94105-2482

John Cesario Pro Se
15 Darrows Ridge
East Lyme, CT 06333
Phone 860-333-4300
johncesario9@gmail.com

David Preka Pro Se
298 Boston Post Road
East Lyme, CT 06333
Phone 860-365-9041
david@advimpllc.com