UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN CESARIO, et al.,
Plaintiffs,
v.
VISTAGEN THERAPEUTICS INC., et al.,
Defendants.

Case No. 25-cv-01510-TLT

**ORDER DENYING MOTION FOR RECONSIDERATION**

Re: Dkt. No. 101

Self-represented litigants John Cesario and David Preka (collectively, "Plaintiffs") have filed a motion for reconsideration ("Motion") of the Court's order dismissing Plaintiffs' Second Amended Complaint with prejudice.[1] ECF 101. Plaintiffs contend that the Court erred because: (1) the SAC adequately alleged falsity; (2) amendment of the SAC would not be futile; and (3) the Court did not provide Plaintiffs with either (a) notice of the deficiencies in their SAC and an opportunity to amend, or (b) an explanation of the reasons why the defects in their SAC are incurable. *See generally* ECF 101. Defendants Vistagen Therapeutics, Inc. ("Vistagen") and John Saxe ("Mr. Saxe," collectively with Vistagen, "Defendants") filed an opposition to the Motion on September 18, 2026. ECF 102. For the reasons explained below, the Court **DENIES** the Motion.

## I. BACKGROUND

The Court assumes familiarity with the facts of this case and refers to its Order Dismissing Plaintiffs' Second Amended Complaint With Prejudice for a full discussion of the facts. ECF 98.

In their SAC, Plaintiffs alleged that Defendants engaged in a years-long scheme to artificially inflate Vistagen's stock price, primarily by falsely claiming that Vistagen's drug

[1] Plaintiffs' Second Amended Complaint (ECF 51) shall be referred to herein as the "SAC."

candidates, PH94B (fasedienol), had successful clinical trial results. *See generally* SAC; *see also* ECF 59 at 2. Plaintiffs asserted over a dozen claims against Defendants: (1) state law fraud claims against both Defendants (Counts I–VI); (2) an aiding and abetting claim against Mr. Saxe (Count VII); (3) a gross negligence claim against both Defendants (Count VIII); (4) California Corporations Code claims against both Defendants (Counts IX–X); (5) federal securities fraud claims against both Defendants (Count XI); and (6) a breach of fiduciary duty claim against Mr. Saxe (Count XII). SAC ¶¶ 157–81.

The Court held that Plaintiffs failed "to adequately allege that any of Defendants' statements or omissions were false or misleading when made." ECF 98 at 2. In addition, the Court held that Plaintiffs failed "to adequately allege that Defendants engaged in any extreme conduct or other wrongdoing." ECF 98 at 2. As the Court explained, Plaintiffs' allegations were "conclusory and contain[ed] basic logical deficiencies that le[d] the Court to conclude that further amendments to the SAC would be futile." ECF 98 at 2. The Court provided Plaintiffs with a detailed, 3-page explanation regarding why further amendment would be futile. ECF 98 at 37-40.

On September 4, 2026, Plaintiff filed the Motion. ECF 101. Defendants timely filed their opposition two weeks later. ECF 102.

## II. LEGAL STANDARD

When the Court's ruling has resulted in a final judgment or order (*e.g.*, after dismissal), a motion for reconsideration may be based on Fed. R. Civ. P. 59(e) (motion to alter or amend judgment). *See* Fed. R. Civ. P. 59(e). "In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). "Amending a judgment after entry is an extraordinary remedy which should be used sparingly." *Revels v. Holly*, No. 23-cv-04404, 2025 WL 3297020, at *2 (N.D. Cal. Nov. 26, 2025) (citing *McDowell v. Calderon*, 197 F.3d 1253, 1255 n. 1 (9th Cir. 1999) (banc) (per curiam)). The "district court enjoys considerable discretion in granting or denying

the motion." *Allstate Ins.*, 634 F.3d at 1111.

## III. DISCUSSION

As a threshold matter, Plaintiffs devote a substantial portion of their Motion to arguing that they adequately alleged falsity. *See* ECF 101 at 16-26. Plaintiffs' "[m]ere disagreement" with the Court's decision "does not provide a basis for reconsideration." *Tunucci v. City & Cnty. of San Francisco*, No. 23-CV-00424-LB, 2025 WL 3125937, at *1 (N.D. Cal. Oct. 2, 2025) (denying motion for reconsideration of Court's grant of summary judgment and noting that "plaintiff's contention that the [C]ourt disregarded her evidence and disagreement about how to apply the law to the facts is an issue for appeal"). None of the cases cited in the Motion demonstrate that the Court committed any manifest errors of law or that there has been any intervening change in controlling law. *See generally* ECF 101.

Likewise, Plaintiffs do not present any newly discovered evidence. *Torres v. Kernan*, No. 22-CV-09112 BLF (PR), 2023 WL 3362595, at *1 (N.D. Cal. May 9, 2023) ("Evidence is not newly discovered for purposes of a Rule 59(e) motion if it was available prior to the district court's ruling."). Although Plaintiffs contend that there is a Vistagen Form 8-K that post-dates their filing of the SAC that is indicative of falsity, Plaintiffs fail to show that the 8-K was unavailable prior to the Court's dismissal of the SAC with prejudice. ECF 101 at 21. Accordingly, the 8-K does not constitute newly discovered evidence. *Torres*, 2023 WL 3362595, at *1.

Third, although Plaintiffs contend that further amendments to their SAC would not be futile, Plaintiffs fail to identify any newly discovered evidence, manifest errors of law, or intervening changes in controlling law that would require reconsideration. *See generally* ECF 101. Plaintiffs' disagreement with the Court's ruling is not a basis for reconsideration. *Cf. Tunucci*, 2025 WL 3125937, at *1.

Fourth, although Plaintiffs contend that the Court did not explain why amendment would be futile, the Court provided Plaintiffs with a detailed, 3-page explanation regarding why amendment would be futile with respect to each of their claims. ECF 98 at 37-40. This explanation, as well as the Court's evaluation of each of Plaintiffs' claims in its 41-page order, is sufficient to put Plaintiffs on notice of why amendment would be futile. *See generally* ECF 98. Although Plaintiffs are self-

United States District Court
Northern District of California

United States District Court
Northern District of California

represented, the Court was not required to give Plaintiffs further leave to amend, where, as here, amendment would be futile. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (noting that pro se litigants are not entitled to notice and an opportunity to amend prior to dismissal if "it is absolutely clear that no amendment can cure the defect[s]" in their complaints). The Court further notes that Plaintiffs already had two opportunities to amend before the Court dismissed their SAC with prejudice. *See* ECF 4; ECF 50; SAC.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs fail to identify any reason why reconsideration of the Court's order dismissing their SAC with prejudice is warranted. Accordingly, the Motion is **DENIED**.

This resolves ECF 101.

IT IS SO ORDERED.

Dated: September 24, 2026

TRINA L. THOMPSON
United States District Judge